**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

OMAR DEMITRIOUS PEARSON,  )
                                  )
           Petitioner,  )
                                  )           1:07CV576
     v.                  )
                                  )     **MEMORANDUM OPINION**
                                  )        **AND ORDER**
ANTHONY HATHAWAY, Supt.    )
of Bertie Correctional Inst.,     )
                                  )
          Respondent.  )

This matter is before the court on Respondent's motion for summary judgment [docket no. 5]. Petitioner has responded in opposition to the motion and the matter is ripe for disposition. For the reasons discussed herein, the court will grant Respondent's motion for summary judgment and the action will be dismissed.[1]

**I. BACKGROUND**

Petitioner is a state court prisoner who, on August 17, 2005, in Forsyth County Superior Court, pled guilty to felony possession of cocaine as a habitual felon and was sentenced to 130 - 165 months of imprisonment in cases 04 CRS 52135 and 15146. At the same time, Petitioner also pled guilty to three counts of breaking or entering a motor vehicle, resisting a public officer, two counts of misdemeanor larceny, possession of a stolen motor vehicle, and misdemeanor possession of stolen goods/property, and was sentenced to a consolidated, concurrent term of 10-12

---

[1] The parties have consented to the jurisdiction of the magistrate judge.

months imprisonment, in cases 04 CRS 62068-69, 52135, 05 CRS 57112, and 58384.

On July 3, 2007, the North Carolina Court of Appeals issued an unpublished opinion

affirming Petitioner's convictions and sentences. Petitioner was represented at trial

by Bryan Gates and on appeal by Robert W. Ewing. Petitioner did not seek further

review by a higher state court, nor did he file any post-conviction claim. Petitioner

dated his pro se federal habeas petition July 25, 2007, and filed it in this court on July

30, 2007.

Petitioner's sole contention in this habeas action is that he is actually innocent

of being an habitual felon. In his statement of specific facts in support of his claim,

Petitioner averred:

> Habitual felon indictment charged elements of the habitual felon
> declaration. Jury constructively found petitioner guilty of being a
> declared habitual felon when being a declared habitual felon is not an
> illegal act. Impossible to prepare defense against indictment's fatal
> defects. Petitioner asserts plain error.

(Pet. at 6).

The facts underlying Petitioner's conviction, as summarized by the North

Carolina Court of Appeals on direct appeal, are as follows:

> On 5 April 2004, defendant was indicted for felony possession of
> cocaine, resisting a public officer and having attained the status of an
> habitual felon. The habitual felon indictment stemmed from three prior
> convictions: (1) felonious breaking and entering a motor vehicle, (2)
> felony possession of stolen property, and (3) felony possession of
> cocaine. On 17 August 2005, defendant was indicted on three counts of
> breaking and entering a motor vehicle; two counts of misdemeanor
> larceny; one count of possession of a stolen motor vehicle; and one
> count of possession of stolen property.

2

On 20 April 2004, the State offered defendant a plea arrangement in which his pending charges of felony possession of cocaine and habitual felon would be consolidated into one charge, and defendant would be sentenced in the minimum mitigated range for a Class C Habitual Felon. A second plea offer signed by defendant on August 15, 2005 stated "[a]ll charges will be consolidated for sentencing as a Class C, Level IV felony." The trial court then performed an inquiry to determine defendant's understanding and acceptance of the plea arrangement.

During the inquiry, defendant questioned the length of jail time he would face according to the plea offer. He also expressed dissatisfaction with his counsel. The assistant district attorney informed the judge that the sentence would run in the presumptive range, since the transcript of plea did not include a sentencing recommendation. Defendant provided evidence of mitigating factors, such as his father's dependence on his ability to work full time. The trial court did not make any findings concerning the mitigating factors presented.

Defendant admitted his habitual felon status and stipulated to his prior record of conviction and further stipulated that record placed him at a Prior Record Level IV. The trial court found that defendant had a Prior Record Level IV and imposed a sentence in the presumptive range for the felony possession charge as an habitual felon of 130 to 165 months. The trial court also consolidated other charges into the charge of possession of a stolen vehicle, and imposed a concurrent sentence of ten to twelve months.

*State v. Pearson*, No. COA06-1046, 2007 N.C. App. LEXIS 1450, at *1-2 (N.C. Ct. App. July 3, 2007).

## II. STANDARD OF REVIEW

As noted, this matter is before the court on summary judgment. In a habeas case, "not . . . every set of allegations not on its face without merit entitles a . . . petitioner to an evidentiary hearing. As in civil cases generally, there exists a procedure whose purpose is to test whether facially adequate allegations have

sufficient basis in fact to warrant plenary presentation of evidence. That procedure

is, of course, the motion for summary judgment." *Blackledge v. Allison*, 431 U.S. 63,

80 (1977). Summary judgment is appropriate when there exists no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. FED. R.

CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).

The party seeking summary judgment bears the burden of initially coming forward and

demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

non-moving party must then affirmatively demonstrate that there is a genuine issue

of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient

evidence favoring the non-moving party for a fact finder to return a verdict for that

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp.*

*v. Calvert County, Md.* 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can

bear his burden either by presenting affirmative evidence, or by demonstrating that the

non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477

U.S. at 331 (Brennan, J., dissenting). When making the summary judgment deter-

mination the court must view the evidence, and all justifiable inferences from the

evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d

at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

4

## III. DISCUSSION

Respondent argues that Petitioner's habeas claim is procedurally barred. A review of the record and procedural history of the case, however, convinces the court that dismissal is proper under the doctrine of exhaustion, rather than procedural bar. The concepts of procedural bar and exhaustion are closely related. As a general rule, a federal court may grant a writ of habeas corpus to a petitioner in state custody only if the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254 (b)(1); *Longworth v. Ozmint*, 377 F.3d 437, 447 (4th Cir. 2004). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Matthews*, 105 F.3d at 911. In presenting a claim to the state court, the petitioner must "fairly present" the federal issue for resolution by the state court. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Breard*, 134 F.3d at 619; *see also Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004) ( describing "fair presentation" as indicating "the federal law basis for [the litigant's] claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal

5

source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'").

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default. If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619. A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also McNeill v. Polk*, 476 F.3d 206 (4th Cir. 2007). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court is precluded from reviewing the merits of a defaulted claim. A state has an interest in its rules and procedures and in the finality of its judgments, which "would be undermined if the federal courts were free to ignore procedural forfeitures in state court." *Reed v. Ross*, 468 U.S. 1, 10 (1984). A state procedural rule is considered "adequate if it is regularly or consistently applied by the state court, . . . and it is independent if it does not depend on a federal constitutional ruling." *McNeill*, 476 F.3d at 211(citing *Johnson v. Mississippi*, 486 U.S. 578 (1988) and *Ake v. Oklahoma*, 470 U.S. 68 (1985)).

6

A petitioner may overcome both the procedural default bar and the exhaustion bar by showing cause for the default and actual prejudice resulting from the asserted constitutional error. *Coleman*, 501 U.S. at 750; *see also Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001). To demonstrate "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." *McCarver v. Lee*, 221 F.3d 583, 591 (4th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 592 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

A habeas court also may review an otherwise procedurally defaulted claim if the petitioner can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see also McCarver*, 221 F.3d at 588. The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 392-94 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 494-96 (1986)). Therefore, in order to establish a "fundamental miscarriage of justice," a petitioner must show actual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 346-47 (1992); *see also Smith v. Dixon*, 14 F.3d 956, 974 (4th Cir. 1994). Moreover, the "actual innocence" exception has been limited

7

by the Fourth Circuit Court of Appeals to apply only in capital cases or cases where the alleged error results in the application of recidivist enhancements. *United States v. Mikalajunas*, 186 F.3d 490, 494-95 (4th Cir. 1999). In *Dretke*, however, the Supreme Court called into doubt the extension of the actual innocence exception beyond capital cases. 541 U.S. 386 at 392-94.

Petitioner's petition for writ of habeas corpus arises out of his conviction under North Carolina's habitual felon law, N.C. GEN. STAT. § 14-7.1 *et seq.* (2006), which provides that "any person who has been convicted of or pled guilty to three felony offenses in any federal or state court in the United States or combination thereof is declared to be an habitual felon."[2] He claims to be "innocent" of the habitual felon declaration. Nevertheless, a review of the record clearly shows that Petitioner did not raise this claim in his direct appeal in state court, *cf. Baldwin v. Reese*, 541 U.S. at 29 (noting that federal claim must be "fairly present[ed]" to "each appropriate state court (including a state supreme court with discretionary review)"), and he did not file a motion for appropriate relief ("MAR"). None of Petitioner's assignments of errors in his state court appeal dealt with the constitutionality of the habitual felon law, nor do they assert "actual innocence" of being a habitual felon. The decision of the state court of appeals, moreover, simply addressed sentencing issues and a due process

---

[2] The effect of having the status of an habitual felon is, in part, that "when an habitual felon ... commits any felony ... the felon must, upon conviction or plea of guilty under indictment ... be sentenced as a Class C felon." N.C. GEN. STAT. § 14-7.6 (2006).

argument based on the plea agreement. There was no discussion regarding Petitioner's present federal claim that the indictment was "fatal[ly] defect[ive]" because "being a declared habitual felon is not an illegal act." (Pet. at 6.) Because Petitioner could have raised this claim in his direct appeal or in a post-conviction proceeding, but did not, he has failed to exhaust his claim and summary judgment is appropriate.[3]

The only way that this bar could be lifted is if Petitioner were to show cause to excuse the default and prejudice resulting from the default or if he can demonstrate that a failure to hear the claim will result in a miscarriage of justice. *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has failed to do so. He has presented no reason explaining his failure to raise this issue in his direct appeal, and therefore, has shown no cause to excuse the default.

Petitioner also cannot show that a miscarriage of justice will result if his claim is not considered by this court. His only claim is that he is "actually innocent" of the habitual offender declaration and that therefore his "petition type is not barred in Fourth Circuit." There is no merit to this claim. While being a habitual felon under North Carolina law is a status and not a crime, an individual can still be indicted as an habitual felon and receive an enhanced sentence for subsequent crimes. *State v. Patton*, 342 N.C. 633, 635, 466 S.E.2d 708, 710 (1996). This court's review of the

---

[3] This is not a pure procedural bar case because Petitioner did not file a state post-conviction claim and therefore there is no state court decision expressly basing its dismissal of Petitioner's claim on a state procedural rule. Indeed, under North Carolina law, Petitioner could still file a MAR.

record, including the bills of indictment and information of the substantive charges and the habitual felon indictment, moreover, reveals that Petitioner had adequate notice of the charges against him. Any claim to the contrary by Petitioner is conclusory and without evidentiary support. *See Nickerson v. Lee.* 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Accordingly, the petition for a writ of habeas corpus will be denied and the action will be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment (docket no. 5) is **GRANTED**. A separate judgment will be entered simultaneously with this order.

_____
Wallace W. Dixon
United States Magistrate Judge

November 7, 2007

10